**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GIOVANNI ROSS MARUCA, Executor of** | ) | |
| **the Estate of Michele Maruca,** | ) | |
| **Plaintiff,** | ) | **02:08-cv-692** |
| **v.** | ) | |
| | ) | |
| **GOLDEN EAGLE EXPRESS, GOLDEN** | ) | |
| **INTERNATIONAL and LIONEL** | ) | |
| **GIROUX,** | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER OF COURT**</u>

Pending before the Court is DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

with a brief in support (Document Nos. 24, 25).  Plaintiff has filed a brief in opposition to the

motion (Document Nos. 28).  The parties have fully stated their respective positions regarding

the Concise Statement of Material Facts and have submitted numerous exhibits (Document Nos.

26, 27, 29, 30).  The motion is ripe for disposition.


<u>Factual and Procedural Background</u>

This case arose out of a tragic automobile accident which occurred on December 13, 2005

in Sewickley, Pennsylvania.  The decedent, Michele Maruca, and his wife, Ohla Maruca, were

driving north on Route 65, known locally as Ohio River Boulevard, in a white sport utility

vehicle ("SUV").  Also traveling north on Route 65 were two tractor trailers owned by Defendant

Golden International ("Golden") and driven by Defendant Lionel Giroux and Jean Guy Langlois.

Golden is based in Quebec, Canada and Giroux and Langlois are also citizens of Quebec,

Canada.  Route 65 is a four-lane road, with two travel lanes in each direction separated by a

double-yellow line.  As Maruca attempted to pass the two tractor trailers being operated by

Giroux and Langlois, his SUV crossed over the double-yellow line, and was struck by another tractor trailer that was traveling southbound. As a result of the collision, Maruca sustained serious injuries and was pronounced dead at the scene.

Plaintiff Giovanni Ross Maruca, son of the decedent and executor of his estate, filed this lawsuit in the Court of Common Pleas of Allegheny County. Defendants timely removed the case to this Court. On October 10, 2008, the Court entered a Case Management Order ("CMO") which established a discovery deadline of January 30, 2009. On January 30, 2009, the Court granted the parties' joint motion to extend the discovery deadline until June 30, 2009. The docket reflects virtually no activity by Plaintiff during the ensuing eleven months.[1] On December 9, 2009, Plaintiff requested a stay of this case pending the outcome of a separate state court action. Defendants opposed the stay and filed a motion to preclude Plaintiff from deposing Giroux, Langlois and Golden nearly six months after the close of discovery. The Court denied Plaintiff's request for a stay, granted Defendants' motion for protective order, and issued a scheduling order for the filing of summary judgment motions.

Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure reads, in pertinent part, as follows:

[Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

---

[1]The only docket entry during that time period reflects that Plaintiff filed Notice on July 2, 2009 that he had answered certain interrogatories and document requests which had been propounded by Defendants prior to the discovery deadline and which were the subject of a motion to compel.

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex*, 477 U.S. at 323.  The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (*quoting Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)).  Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence.  *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex*, 477 U.S. at 325.  If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some

3

metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230.  When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is "merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson*, 477 U.S. at 249-250.

Legal Analysis

      The complaint in this diversity action asserts a claim for negligence under Pennsylvania law.  In particular, the complaint alleges that Defendants were negligent in: (1) failing to properly secure the trailer; (2) failing to inspect the trailer; (3) failing to properly insure the tractor trailer was safe for hauling prior to utilizing the tractor trailer; (4) allowing a wide trailer to be operated on public roadways; (5) in taking a tractor trailer onto public highways when it was unsafe to do so; (6) in failing to properly warn the decedent of the wide load; (7) in failing to properly provide warning signage of the wide load that the defendants were hauling; (8) in failing to allow the decedent to safely pass in the left hand lane of north bound Route 65; (9) in permitting defendant Lionel Giroux to use a tractor trailer when the defendants knew or should have known that the tractor trailer was unsafe for travel on public roadways; (10) in violating the motor vehicle code of Pennsylvania; (11) in violating the rules and regulations of the Federal Motor Carrier Safety Administration; (12) in violating the rules and regulations of the National Highway Traffic Safety Administration; and (13) in failing to properly operate the tractor trailer.  In summary, Plaintiff alleges that because of the width of the tractor trailer driven by Giroux, decedent was forced into the southbound lane of Route 65.  The complaint also asserts a survival action under 20

Pa.C.S.A. § 3373 and 42 Pa.C.S.A. § 8302 and a claim for wrongful death pursuant to 42

Pa.C.S.A. § 8301 and Pa.R.C.P. § 2202(a), both of which are dependent upon a finding that

Defendants were negligent.

At the summary judgment stage, it is not sufficient to repeat the allegations made in the

complaint.  Rather, as Plaintiff recognizes, the non-moving party must show by affidavits,

pleadings, depositions, answers to interrogatories and admissions, or other admissible evidence,

that there is a genuine issue of material fact for trial.  The non-moving party must make a

sufficient showing as to each element of the cause of action such that a reasonable jury could find

in his favor.

The elements of a negligence claim are familiar.  To establish a prima facie case, Plaintiff

must establish: (1) existence of a duty; (2) breach of duty; (3) causation; and (4) damages.

Defendants contend that there is no admissible evidence by which a jury could conclude that the

width of Defendants' trailer caused the accident in any way.  The Court agrees with Defendants.

The Court acknowledges that there is evidence that the tractor trailer driven by Giroux

was several inches wider than the tractor trailer driven by Langlois.  However, as Plaintiff

admits, the width of Giroux's trailer and the width of its tarping system comply with the

applicable federal regulations governing the national network of highways.[2]  Moreover, there is

absolutely no evidence that the width of Giroux's trailer exceeded the width of the travel lane on

Route 65 or prevented decedent from passing safely in the other northbound travel lane or that

the minor difference in the widths of the two trailers was in any way the cause of the accident.

---

[2]Due to the complete lack of evidence regarding causation, the Court need not reach the
parties' competing arguments as to whether federal regulations govern truck traffic on Route 65.

Indeed, the evidence submitted by Plaintiff is to the contrary.  Plaintiff has submitted the police report from the incident which includes summaries of several eyewitness accounts, all of which agree that the SUV crossed over the double yellow line.  There is no indication from any witness that the width of the tractor trailer forced the SUV to do so.  Langlois was behind the SUV and witnessed it cross over the double yellow line.  The police report reflects that Giroux was approximately 200 feet in front of Langlois and saw the SUV flip in his rearview mirror.  The police report does not identify Giroux as a participant in the accident.  The driver of the southbound tractor trailer told police that it looked as if the driver of the SUV had his head down or was slumped over the wheel when the vehicle came across the double yellow line.  The police report reflects that the Allegheny County [Accident] Reconstruction Team was called out, and that officers took measurements of the scene and digital photographs.  Neither the report of the reconstruction team, the measurements, nor the photographs have been made part of the evidentiary record in this case.  In short, Plaintiff has proffered no evidence in support of the allegations in the complaint.

Even assuming, arguendo, that the June 26, 2006 notes of investigator Charlie Knoer's phone interview with Langlois are admissible, they do not create a genuine issue of material fact.  Knoer's notes do reflect Langlois' theory that because the Giroux trailer was a few inches wider, the operator of the white SUV may have steered his vehicle a little further to the left across the double-yellow line into oncoming traffic.  However, this supposition does not establish that an unreasonably wide trailer was the cause of the accident.  Indeed, Knoer's notes also reflect, in relevant part: "**Jean Guy Langlois further stated that there was no other vehicle beside the white SUV which would have caused or forced the white SUV across the double yellow line.**"  (Emphasis added).  In summary, there is nothing in the evidentiary record that would

enable a reasonable jury to conclude that the width of Giroux's trailer was the cause of the accident.  The mere happening of an accident does not establish negligence.  *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998).

Conclusion

Plaintiff has not introduced any evidence from which a reasonable jury could conclude that the width of Defendants' tractor trailer was either the "but for" or proximate cause of the tragic accident on December 13, 2005.  Thus, Plaintiff has not made out a prima facie case of negligence.  The bare allegation of causation contained in Plaintiff's original state court complaint has not been supported by admissible evidence and is plainly insufficient to create a genuine issue of material fact that would entitle Plaintiff to a jury trial.  Accordingly, Defendants are entitled to summary judgment.  The Court need not address Defendants' alternative arguments.

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GIOVANNI ROSS MARUCA, Executor of** | ) | |
| **the Estate of Michele Maruca,** | ) | |
| **Plaintiff,** | ) | **02:08-cv-692** |
| **v.** | ) | |
| | ) | |
| **GOLDEN EAGLE EXPRESS, GOLDEN** | ) | |
| **INTERNATIONAL and LIONEL** | ) | |
| **GIROUX,** | ) | |
| **Defendants.** | ) | |

**<u>ORDER OF COURT</u>**

AND NOW this 3rd day of March, 2010, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that DEFENDANTS'

MOTION FOR SUMMARY JUDGMENT (Document No. 24) is **GRANTED**.  The clerk shall

docket this case closed.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     William J. Gagliardino, Esquire
        Email: wjgagliardino@lawgcl.com

        Keithley D. Mulvihill, Esquire
        Email: kmulvihill@rawle.com

8